**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

ISAAC LEE KIDD,

    Petitioner,

vs.

STATE OF IOWA,

    Respondent.

No. C13-3027-LRR

ORDER

    The matter before the court is the petitioner's writ of mandamus, which the clerk's office properly construed as an application for a writ of habeas corpus.[1] The petitioner filed such application on May 13, 2013. Also before the court is the petitioner's motion for discovery, which he filed on May 21, 2013, and brief, which he filed on June 24, 2013. The petitioner did not submit the required filing fee or an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, the petitioner did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases, which requires him to substantially follow the form that is typically utilized by those seeking relief under 28 U.S.C. § 2254. In addition, a review of state court records indicates that the petitioner did not comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A).[2] Indeed, the

---

[1] A writ of mandamus is a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly. The district courts of the federal judiciary are separate from the courts of the State of Iowa. Therefore, the court is unable to grant a writ of mandamus with respect to the Iowa Supreme Court.

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*,

(continued...)

petitioner is still pursuing a direct appeal. Lastly, as to the merits of his assertions, they are nonsensical. Based on the foregoing, the petitioner's application for a writ of habeas corpus is dismissed without prejudice and the petitioner's motion for discovery is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 9th day of July, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2](…continued)
420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).